IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Larry A. White,<br><br>Petitioner,<br><br>v.<br><br>Curtis Earley, *Warden of Perry Correctional Institution*,<br><br>Respondent. | ) ) ) ) ) ) ) ) ) ) | Case No. 9:25-cv-08297-JDA<br><br>**OPINION AND ORDER** |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254. [Doc. 1.] This matter is before the Court on Respondent's motion for summary judgment and Petitioner's motions for discovery, for sanctions, and to take notice. [Docs. 18; 24; 27; 29.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings. For the reasons stated herein, the Court grants Respondent's motion for summary judgment, denies Petitioner's motions for discovery and for sanctions, finds as moot Petitioner's motion to take notice, and dismisses this action with prejudice.

## BACKGROUND[1]

On July 30, 2018, Petitioner pleaded guilty to attempted murder and first-degree burglary and received a 15-year sentence. [*See* App. at 1–12.[2]]

[1] The Magistrate Judge accurately summarized the procedural posture and facts of this case. [*See* Doc. 32 at 2–9, 16–18.] Accordingly, the Court includes only the information necessary to address Petitioner's objections.

[2] The Appendix can be found at Docket Entry Number 23-1.

On April 22, 2019, Petitioner filed an application for post-conviction relief ("PCR"). [*Id.* at 13–18.] On December 16, 2019, Petitioner's appointed PCR counsel filed an amended PCR application. [*Id.* at 28–29, 67–68.] Among other allegations, Petitioner claimed that plea counsel rendered ineffective assistance by failing to properly file a notice of appeal. [*Id.*] On October 14, 2020, the PCR court issued an order denying PCR but granting a belated direct appeal. [*Id.* at 66–81.]

On December 10, 2020, Petitioner's PCR counsel filed a notice of appeal of the PCR court's order. [Doc. 23-2 at 1.] PCR counsel filed a petition for writ of certiorari presenting two questions: (1) whether the PCR court ruled properly in granting Petitioner's request for a belated direct appeal and (2) whether the PCR court erred in denying Petitioner's allegation that trial counsel coerced him to plead guilty. [Doc. 23-3.] In addition, PCR counsel filed a direct appeal. [Doc. 23-4.] Pursuant to the South Carolina Appellate Court Rules, the Supreme Court of South Carolina transferred the case to the South Carolina Court of Appeals. [Doc. 23-5; S.C. App. Ct. R. 243(l).] On September 27, 2023, the South Carolina Court of Appeals granted certiorari as to question one and denied certiorari as to question two. [Doc. 23-6.] As to the issues raised on direct appeal, the South Carolina Court of Appeals affirmed the decision of the plea court. [*Id.*] The remittitur was sent to the Clerk of Court of Marion County on October 17, 2023, and filed on October 25, 2023. [Doc. 23-7.]

Petitioner filed an additional PCR application on January 16, 2024. [Doc. 1 ¶ 6.] According to Petitioner, the second PCR court dismissed the application on August 12, 2024, "on the grounds of being procedurally barred as untimely, barred by the doctrine of

res judicata, and based off failing to make a prima facie showing of newly discovered evidence . . . ." [*Id.*]

Further, on May 21, 2025, Petitioner filed a state habeas corpus petition. [*Id.* ¶ 7.] According to Petitioner, the court dismissed the petition, "stating that all of Petitioner's claims have been or should have been addressed in the Application for Post Conviction Relief or the Appeal[.]" [*Id.*]

On July 18, 2025, Petitioner filed the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[3] [Doc. 1.] Petitioner alleges the following grounds for relief: ineffective assistance of counsel, involuntary plea agreement, tainted indictment, prosecutorial misconduct, newly discovered evidence/equal protection violation, and fruit of the poisonous tree doctrine. [*Id.* at 2–6; *see also* Doc. 32 at 16–18.]

Respondent filed a motion for summary judgment on January 30, 2026. [Doc. 24.] Respondent argues that summary judgment is appropriate because Petitioner failed to file his Petition within the time allotted under federal law; Petitioner failed to raise any of his issues at the proper time before the state courts such that Petitioner procedurally defaulted on these issues; and Petitioner has not otherwise shown a basis for federal habeas relief. [Doc. 23 at 7, 13–26; *see also* Doc. 32 at 18.] The Clerk docked a response from Petitioner on February 17, 2026. [Doc. 28; *see also* Doc. 34.] Petitioner also filed motions for discovery, for sanctions, and to take notice. [Docs. 18; 27; 29; *see also* Docs. 30; 31.]

---

[3] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack,* 487 U.S. 266, 270 (1988). Accordingly, this Petition was filed on July 18, 2025. [Doc. 1-2 at 1 (envelope marked as received by the prison mail room on July 18, 2025).]

On June 18, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted because Petitioner did not timely file his Petition or demonstrate a basis for equitable tolling. [Doc. 32 at 18–28.] In addition, the Report recommends denying Petitioner's motions for discovery and for sanctions and finding as moot Petitioner's motion to take notice. [*Id.* at 28–31.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 33.]

The Clerk docketed Petitioner's objections to the Report on July 14, 2026. [Doc. 35.] Principally, Petitioner contends that the statute of limitations should be equitably tolled because "Petitioner's [PCR] counsel incorrectly advised" him that he could file an additional PCR action in state court "if his conviction was affirmed on direct appeal." [*Id.* at 1.] Petitioner claims that he would have filed his federal Petition within the statute of limitations but for counsel's incorrect advice. [*Id.* at 2.] Further, Petitioner appears to argue that this Court may review any procedurally defaulted claims because "[t]he government prevented him from following the procedural rule of exhaustion." [*Id.* at 1.]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate

Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (internal quotation marks omitted)).

## ANALYSIS

### Respondent's Motion for Summary Judgment

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report of the Magistrate Judge.

As an initial matter, the Magistrate Judge did not err in applying 28 U.S.C. § 2244(d) or declining to toll the limitations period. Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the *latest of*—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

As the Magistrate Judge concluded, Petitioner's conviction became final 90 days after the South Carolina Court of Appeals' ruling on Petitioner's direct appeal—December 26, 2023. [Doc. 32 at 23]; 28 U.S.C. § 2244(d)(1)(A). Further, the Magistrate Judge concluded that Petitioner's subsequent PCR application and state habeas corpus petition did not toll the applicable statute of limitations because neither was "properly filed" within the meaning of § 2244(d)(2). [Doc. 32 at 25.] Petitioner filed the instant federal habeas action on July 18, 2025, almost one-and-one-half years after his conviction became final. [*Id.* at 26.] Accordingly, the Petition is untimely. [*Id.*]

As previously stated, Petitioner argues that the Court should toll the statute of limitations because Petitioner's PCR counsel incorrectly advised him to file an additional petition for post-conviction relief in state court. [Doc. 35 at 1.] The Court disagrees. Even assuming Petitioner's PCR counsel imparted incorrect advice, it is well settled that "garden variety" attorney negligence—such as Petitioner asserts here—does not excuse a timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (internal quotation marks omitted)); *Lawrence v. Florida,* 549 U.S. 327, 336–37 (2007)

("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Harris v. Hutchinson*, 209 F.3d 325, 330–31 (4th Cir. 2000) ("[W]e cannot say that the lawyer's mistake in interpreting a statutory provision constitutes [an] 'extraordinary circumstance' external to [the petitioner] that would justify equitable tolling.") (collecting cases). Accordingly, Petitioner has not demonstrated an entitlement to equitable tolling.

In sum, because the Petition is untimely, the Court grants Respondent's motion for summary judgment and dismisses the Petition with prejudice.[4]

**Petitioner's Motions**

Petitioner does not appear to object to the Magistrate Judge's conclusions regarding his motions for discovery, for sanctions, and to take notice. [*See generally* Doc. 35; *see also* Doc. 32 at 28–31.] Finding no clear error, the Court accepts the Report's conclusions as to these motions. Accordingly, Petitioner's motions for discovery and for sanctions are denied, and Petitioner's motion to take notice is found as moot.

## CONCLUSION

For the foregoing reasons, the Court accepts the Report and Recommendation of the Magistrate Judge. Accordingly, Respondent's motion for summary judgment [Doc. 24] is GRANTED. Further, Petitioner's motion for discovery [Doc. 18] is DENIED, Petitioner's motion for sanctions [Doc. 27] is DENIED, and Petitioner's motion to take notice [Doc. 29] is FOUND AS MOOT.

[4] Because the Court grants Respondent's motion for summary judgment on statute-of-limitations grounds, the Court need not address Petitioner's remaining objections regarding exhaustion and/or procedural default.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 28, 2026
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.